

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
08/10/2011

| | | |
|---|---|---|
| IN RE: § | | |
| ANITA C RAMIREZ, § | Case No. 09-70051 | |
| Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| MICHAEL B SCHMIDT, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 11-07008 | |
| § | | |
| ALBERT VILLEGAS, *et al*, § | | |
| Defendant(s). § | Judge Isgur | |

### MEMORANDUM OPINION GRANTING DEFENDANTS' 12(b)(6) MOTION

Schmidt's Amended Complaint fails to state a claim upon which relief may be granted, and therefore this Court conditionally grants Villegas's and Cano's 12(b)(6) motions. This Court will allow Schmidt an additional opportunity to file an amended complaint. If the amended complaint fails to state a claim, then this adversary proceeding will be dismissed with prejudice.

Schmidt filed this adversary proceeding on May 3, 2011, attempting to recover an alleged fraudulent transfer of property. Villegas and Cano, separately although using identical briefs, moved to dismiss Schmidt's complaint under 12(b)(6) and 9(b) on June 1, 2011. (ECF Docs. 7 & 8). Villegas also filed a 12(e) motion for a more definite statement on June 1, 2011, noting that it is subject to the 12(b)(6) and 9(b) motions. (ECF Doc. 9).

On July 14, 2011, the Trustee filed a Motion for Leave to File First Amended Original Complaint to Avoid Transfer and for Disgorgement of Attorney Fees. Leave to amend should be freely granted. *See Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir. 1980) (noting that, according to Moore's Federal Practice, dismissal for failure to comply with Rule 9(b) is almost always with leave to amend); *see also* F.R.C.P. 15(a)(2) ("The court should freely grant

leave when justice so requires.").

The Court has considered the proposed Amended Complaint in reviewing the motions to dismiss.

Schmidt's Amended Complaint fails to state a claim on which relief may be granted, in violation of FRCP 12(b)(6). Some of the reasons given by Villegas or Cano in their motions lack any merit. (ECF Docs. 7, 8, & 9)[1] Nevertheless, even accepting Schmidt's allegations as true, the sections of the Bankruptcy Code Schmidt cited will not provide relief.

Schmidt's Amended Complaint states that it is "proceeding pursuant to 11 U.S.C. § 549 and § 550 of the Bankruptcy Code and Bankruptcy Rule 7001 as well as other Federal laws referred to herein." (ECF Doc. 27-2 at 1).[2] Section 549 is inapplicable here. Section 549 states that "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case . . . ." 11 U.S.C. § 549(a). First, not all of the transfers occurred postpetition. (ECF Doc. 1, Ex. B). Second, the transferred property was not "property of the estate" on the date of the transfer. (*Id.*). The monies were not "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).[3] According to Schmidt's own complaint, those monies were fraudulently transferred by the debtors prior to the commencement of the case. (ECF Doc. 27-2, at 5-6). Thus, § 549 is inapplicable and Schmidt is left with only § 550 of the Bankruptcy Code under which to proceed.

---

[1] These arguments included that Schmidt's complaint should have demonstrated why an affirmative defense not yet raised by Defendants was inapplicable, (ECF Docs. 7 & 8 at 4), and an argument that other lawyers not sued by Schmidt were more culpable. (ECF Doc. 9 at 1) ("[Evidence heard by this Court showed that] at least three other lawyers or law firms receiving funds that could be more directly tied to the alleged trust funds, those three lawyers were not sued by the Plaintiff).

[2] This Court interprets "as well as other Federal laws referred to herein" as referring to federal law other than the Bankruptcy Code.

[3] Nor did Schmidt allege facts indicating the monies became property of the estate before any of the transfers.

Section 550 of the Bankruptcy Code is used by the trustee to recover property for the benefit of the estate *after* a transfer has been ruled avoidable under section 544, 545, 547, 548, 549, 553(b), or 724(a). 11 U.S.C. § 550. It is true that this Court, in a separate proceeding to which the current defendants were not a party, held certain transfers by debtors to be violations of the Texas Uniform Fraudulent Transfer Act. (ECF Adv. No. 09-07004, Doc. 97 & 263.). The current defendants were not parties to that adversary proceeding.[4] As to the current defendants, those transfers have not yet been found avoidable. To be viable, the complaint must allege that the transfer is avoidable under an applicable section, here likely § 544(a)(2) as violations of the Texas Uniform Fraudulent Transfer Act, and then explain how § 550 allows the trustee to recover from the defendants, who are alleged to be immediate or mediate transferees of the allegedly fraudulent transfer.

Villegas's 12(e) motion is now moot.

Schmidt must file his amended complaint by August 31, 2011.

SIGNED **August 9, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[4] One of the current defendants was counsel for the debtors during the separate proceedings.